**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 20-7566**

—————————

RENALDO SHEPARD, a/k/a Renaldo Shephard,

Petitioner - Appellant,

v.

BRYAN K. DOBBS, Warden,

Respondent - Appellee.

—————————

Appeal from the United States District Court for the District of South Carolina, at Florence. Richard Mark Gergel, District Judge.  (4:20-cv-02302-RMG)

—————————

Submitted:  January 10, 2022                    Decided:  January 13, 2022

—————————

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Renaldo Shepard, Appellant Pro Se.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Renaldo Shepard, a federal prisoner, appeals the district court's order accepting the magistrate judge's recommendation and dismissing without prejudice for lack of jurisdiction Shepard's 28 U.S.C. § 2241 petition in which Shepard sought to challenge his 18 U.S.C. § 922(g) conviction and sentence by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his conviction and sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

We have reviewed the record and, following *Greer v. United States*, 141 S. Ct. 2090 (2021), find no reversible error in the district court's conclusion that it lacked jurisdiction to consider Shepard's § 2241 petition. Accordingly, we affirm the district court's order.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*